**NOT FOR PUBLICATION**

**FILED**

JAMES J. WALDRON, CLERK

**JULY 22, 2016**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*

JUDICIAL ASSISTANT

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

In Re:

**EVAN JOY DAUX,**

                Debtor.

Case No.: 16-17865 (JKS)

Judge:    Hon. John K. Sherwood

**OPINION**

**APPEARANCES:**

**Paul Gauer, Esq.**
347 Franklin Street
Bloomfield, NJ 07003
*Counsel for Debtor,*
*Evan Joy Daux*


**Steven P. Kelly, Esq.**
Stern & Eisenberg, PC
1040 N. Kings Highway, Suite 407
Cherry Hill, NJ 08034
*Counsel for Creditor,*
*Caliber Home Loans, Inc.*

**THE HONORABLE JOHN K. SHERWOOD, BANKRUPTCY JUDGE**

If a debtor had a prior bankruptcy case dismissed within one year of the filing of a second case, section 362(c)(3)(A) of the Bankruptcy Code provides that the automatic stay "shall terminate respect to the debtor on the 30th day after the filing" of the second case. 11 U.S.C. § 362(c)(3)(A). Before the Court is the motion Evan Joy Daux (the "Debtor") to "reinstate/continue" the automatic stay because it expired in her second bankruptcy case pursuant to this provision. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc. ("Caliber"), objects to the motion, asserting that it is untimely and that the stay cannot be reinstated once it has been terminated.

For the reasons set forth below, the Court will deny the Debtor's motion but holds that the automatic stay remains in effect as to property of the Debtor's bankruptcy estate.

**JURISDICTION**

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a).

**FACTUAL BACKGROUND**

The Debtor filed this chapter 13 case on April 25, 2016. Because a previous chapter 13 case filed by the Debtor was dismissed for lack of feasibility on February 26, 2016,[1] section

---
[1] *See* Case No. 14-22415 (JKS).

362(c)(3) applies to this case and requires termination of the stay "with respect to the debtor" on the thirtieth day after the filing. *See* 11 U.S.C. § 362(c)(3)(A). On June 3, 2016, the Debtor filed a motion to "reinstate/continue automatic stay."[2] Caliber, the holder of a first mortgage against the Debtor's residence at 1525 South Wood Avenue, Linden, New Jersey 07036 (the "Property"), filed a response indicating that it was "unable to admit and/or deny the averments" in the motion.[3] At the June 23, 2016, hearing, Caliber argued that the Debtor could not extend or reinstate the automatic stay because it terminated on May 25, 2016, 30 days after the petition date. Since this was the first time this argument was raised, the Court reserved decision and directed the parties to submit further briefing on the issue.[4]

## DISCUSSION

If a debtor had a previous bankruptcy case dismissed within one year of a pending bankruptcy case, section 362(c)(3)(A) provides that the stay "with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A). Termination is not inevitable, however, as section 362(c)(3)(B) provides that the stay may be extended if the second case is filed in good faith and a motion to continue the stay is heard within 30 days of the petition date. 11 U.S.C. § 362(c)(3)(B).[5]

---

[2] (Mot. to Reinstate Stay, ECF No. 15.)
[3] (Caliber's Resp. at 1, ECF No. 17-1)
[4] (*See* Caliber's Br. in Opp'n, ECF No. 19); (Debtor's Supplemental Resp., ECF No. 22).
[5] In its entirety, section 362(c)(3)(B) provides:

> on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the

Here, the Debtor moved to "reinstate or continue automatic stay" on June 3, 2016. But since the case was filed on April 25, 2016, the stay had already terminated "with respect to the debtor" on May 25, 2016. Caliber asserts the Debtor's failure to move to extend the stay within 30 days of the petition date precludes the Court from granting an extension of the stay. The Debtor argues that the 30-day deadline is not a statute of limitations and that the stay may be extended or reinstated pursuant to 11 U.S.C § 105(a).[6] The Debtor argues that injunctive relief under section 105(a) is warranted because she would suffer irreparable harm if Caliber is permitted to proceed to a sheriff's sale of the Property.

Courts addressing this issue have applied the plain language of the statute and held that the stay cannot be extended after it is terminated upon expiration of the 30-day period. *See In re Williams*, 346 B.R. 361, 370 (Bankr. E.D. Pa. 2006).[7] The stay can be extended if the requirements of section 362(c)(3)(B) are met, but once it is terminated pursuant to section 362(c)(3)(A) it cannot be "resurrected."[8] Because the stay terminated with respect to the Debtor on May 25, 2016, it cannot be reinstated unless injunctive relief is warranted under section 105(a).[9]

But injunctive relief is not necessary because the termination of the stay under section 362(c)(3)(A) has no effect on the provisions of section 362(a) that prohibit enforcement of liens or judgments against the Property. Section 362(c)(3)(A) provides only that "the stay . . . shall

---

        30-day period only if the party in interest demonstrates that the filing of the later
        case is in good faith as to the creditors to be stayed.

11 U.S.C. § 362(c)(3)(B).
[6] *See In re Wedgewood Realty Group, Ltd.* 878 F.2d 693, 701 (3d Cir. 1989); 11 U.S.C § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").
[7] *See also In re Simonson*, No. 06-22833 (MBK), 2007 Bankr. LEXIS 790 at *4 (Bankr. D.N.J. Mar. 2, 2007); *Whitaker v. Baxter (In re Whitaker)*, 341 B.R. 336, 342 (Bankr. S.D. Ga. 2006).
[8] *In re Williams*, 346 B.R. 361, 370 (Bankr. E.D. Pa. 2006).
[9] *Id.* at 371.

terminate . . . with respect to the *debtor*." 11 U.S.C § 362(c)(3)(A) (emphasis added). Courts interpreting this provision have held that the reference to termination of the stay with respect to "the debtor" means that the protections of the automatic stay that do not involve the debtor (or property of the debtor) are not terminated.[10] While the stay expires as to the debtor and property of the debtor—allowing creditors to commence suit, enforce judgments, or continue collection efforts against the debtor—it remains in effect as to the property of the bankruptcy estate.[11] Had Congress intended for the stay as to property of the estate to terminate, it would have omitted the words "with respect to the debtor" from section 362(c)(3)(A), as it did in other provisions of section 362.[12]

Here, the Property is property of the Debtor's chapter 13 bankruptcy estate pursuant to 11 U.S.C. § 541.[13] Although the stay terminated with respect to the Debtor and her property on May 25, 2016, it remains in effect as to the Property. If Caliber wants to proceed against the Property in another court, a separate motion for stay relief will be necessary. Thus, there is no need for injunctive relief under section 105(a).

---

[10] *In re Williams*, 346 B.R. 361; *U.S. Bank N.A. v. Mortimore (In re Mortimore)*, Civ. No. 11-955 (RMB), 2011 WL 6717680 at *4 (D.N.J. Dec. 21, 2011); *In re Simonson*, 2007 Bankr. LEXIS 790 at *6; *Bankers Trust Co. of Ca., N.A. v. Gillcrese (In re Gillcrese)*, 346 B.R. 373, 376-77 (Bankr. W.D. Pa. 2006); *In re Pope*, 351 B.R. 14, 17 (Bankr. D. R.I. 2006); *In re Brandon*, 349 B.R. 130, 132 (Bankr. M.D.N.C. 2006); *In re Johnson*, 335 B.R. 805, 806 (Bankr. W.D. Tenn. 2006).
[11] *In re Williams*, 346 B.R. at 367.
[12] *In re Williams*, 346 B.R. at 370 ("If Congress had intended in section 362(c)(3)(A) that the entire automatic stay created by section 362(a) be terminated after thirty days, and not just the bankruptcy stay as to the debtor and his property, it would have used the same language as found in section 362(c)(4)(A)(i), promulgated at the same time."); *In re Mortimore*, 2011 WL 6717680 at *4.
[13] *See* 11 U.S.C. § 541 ("The commencement of a case . . . creates an estate . . . comprised of . . . all legal or equitable interests of the debtor in property as of the commencement of the case.").

## CONCLUSION

For the reasons set forth above, the Debtor's motion is denied. An order consistent with this Opinion will be entered.

*John K. Sherwood*

JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    July 22, 2016